IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY L. CUTTLER,<br><br>                     Plaintiff,<br><br>          v.<br><br>ALLEGHENY COUNTY, RICH FITZGERALD, LAURA ZASPEL, JAMIE REGAN, ELLEN BUANNIC, WILLIAM D. MCKAIN, NICOLE NAGLE, STEPHEN PILARSKI, PATRICK DOWD, T. MATTHEW DUGAN,<br><br>                     Defendants. | 2:23-CV-01875-CCW |

**OPINION**

Before the Court is a Motion to Dismiss Pro se Plaintiff Jeffrey Cuttler's First Amended Complaint filed by Defendants. *See* ECF No. 23. For the reasons set forth below, the Court will grant the Motion.

**I.     Factual Background**

This case arises from Defendant Allegheny County's decision to terminate Plaintiff Jeffrey Cuttler's employment after he refused to comply with its COVID-19 vaccine mandate. ECF No. 22. The relevant factual allegations, taken as true, are as follows.

On September 29, 2021, Allegheny County enacted a COVID-19 vaccine mandate, which required all executive branch employees to either show proof of vaccination or an accommodation by December 1, 2021 or be subject to termination. *Id.* ¶¶ 33, 34; ECF No. 24 at 2. Mr. Cuttler alleges that Allegheny County, and Defendant Rich Fitzgerald, the Allegheny County Executive, implemented the vaccine mandate because they believed that "unvaccinated employees posed a danger to coworkers and the public." ECF No. 22 ¶¶ 3, 43. As an employee of the Allegheny

County Office of the Public Defender, Mr. Cuttler was required to be vaccinated under this policy; however, he refused, citing "constitutional, medical and moral objections." *Id.* ¶¶ 19, 38.

On October 12, 2021, Mr. Cuttler called Defendant Nichole Nagle, the Allegheny County Employee Relations Manager, and requested a copy of the written policy associated with the vaccine mandate but was told one did not exist. *Id.* ¶¶ 13, 44, 45. On October 13, 2021, in a phone interview, Mr. Cuttler discussed his reasons for declining the COVID-19 vaccine with Defendant Ellen Buannic, the Employee Relations Coordinator for Allegheny County Human Resources. *Id.* ¶¶ 9, 46. Mr. Cuttler informed Ms. Buannic that "he was concerned about the safety and efficacy of the vaccines." *Id.* ¶ 47. He alleges that Ms. Buannic "humiliated, harassed, and attempted to intimidate [him] during the interview" and told him that "he was 'playing chicken with the County.'" *Id.* ¶ 48. The following day, Mr. Cuttler provided Ms. Buannic a COVID-19 vaccine mandate exemption request from his medical care provider. *Id.* ¶ 51. The request stated that Mr. Cuttler "has a medical contraindication to receiving the COVID vaccine and it would be detrimental to him if he were to receive it." *Id.* ¶ 52. On November 12, 2021, Mr. Cuttler provided Defendants with a "written moral and ethical objection" to the vaccine mandate, a medical exemption,[1] and a video/audio medium of the Director of the Center for Disease Control and Prevention ("CDC") stating that the COVID-19 vaccines "can't" "prevent transmission." *Id.* ¶¶ 53, 54. Mr. Cuttler alleges that because of the CDC Director's comments, several Defendants, including Laura Zaspel, Allegheny County Human Resources Director, and Patrick Dowd, Chief Operating Officer of the Pennsylvania Department of Health of Allegheny County, knew or should have known that the "COVID-19 vaccines 'can't' 'prevent transmission' of COVID." *Id.* ¶¶ 5, 17, 55.

---

[1] Mr. Cuttler does not explain what the medical exemption was or whether it was different than the medical exemption request he provided to Ms. Buannic on October 14, 2021. He also never explains the outcome of his request.

2

On November 16, 2021, Mr. Cuttler sent an email containing a series of questions regarding the vaccine mandate to Ms. Buannic, Ms. Nagle, and Defendant Jamie Regan, the Deputy Director of Allegheny County Human Resources. *Id.* ¶¶ 7, 66.  Mr. Cuttler alleges that Defendants never responded to this email or to any of his other vaccine questions. *Id.* ¶¶ 68, 69.  On November 29, 2021, Mr. Cuttler provided Defendants with research purportedly showing that the COVID-19 vaccines were ineffective and harmful. *Id.* ¶¶ 71–73.  That same day, Mr. Cuttler's immediate supervisor and Director of the Office of the Public Defender of Allegheny County, Defendant Matthew Dugan, confirmed to Mr. Cuttler that his communications had been received and reviewed by Defendants William McKain, County Manager of Allegheny County, and Stephen Pilarski, Senior Deputy Manager of Allegheny County. *Id.* ¶¶ 11, 15, 19, 74.  On January 4, 2022, Defendants terminated Mr. Cuttler's employment. *Id.* ¶¶ 26, 27.  Mr. Cuttler alleges that prior to his termination, he "was in the minority as an unvaccinated employee" and faced "severe and pervasive" harassment from his vaccinated co-workers which "created an abusive working environment." *Id.* ¶¶ 82, 83, 84.

On April 7, 2024, he filed his First Amended Complaint against Defendants, alleging that his termination was "illegitimate and wrongful," and that their vaccine mandate violated his "constitutional and natural rights." *Id.* ¶¶ 28–30.  Defendants now seek to dismiss all of Mr. Cuttler's claims.  ECF Nos. 23, 24.  The Motion to Dismiss is fully briefed and ripe for resolution.  ECF Nos. 23, 24, 25, 26.

## II.     Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim.  In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff.  *See Phillips v. Cnty.*

3

*of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").  And when resolving a pro se plaintiff's motion, courts "liberally construe pro se filings with an eye toward their substance rather than their form." *See United States v. Delgado*, 363 F. App'x 853, 855 (3d Cir. 2010).

4

**III.     Legal Analysis**

Mr. Cuttler's Amended Complaint, asserts five claims against various Defendants, including a state-law wrongful termination claim (Count 1), a claim for breach of duty of care under the federal Occupational Health and Safety Act (Count 2), a claim for violation of his Fourteenth Amendment rights under 42 U.S.C. § 1983 (Count 3), a claim under the Pennsylvania Constitution (Count 4), and an intentional infliction of emotional distress claim under state law (Count 5).[2] ECF No. 22. In response, Defendants seek to dismiss Mr. Cuttler's claims, asserting that for multiple reasons he has failed to state a claim for each Count he alleges. ECF Nos. 23, 24. The Court will address each argument in turn below.

**1.       Mr. Cuttler has Failed to State a Claim under § 1983.**

In Count 3 of his Amended Complaint, Mr. Cuttler brings § 1983 claims against Defendants Allegheny County,[3] Mr. Fitzgerald, Mr. McKain, Mr. Pilarski, Mr. Dugan, and Mr. Dowd for violations of his Fourteenth Amendment substantive due process and equal protection rights. ECF No. 22 ¶¶ 114–137. He appears to assert that these Defendants violated his Fourteenth Amendment right to substantive due process and deprived him of equal protection under the law when they implemented and enforced Allegheny County's COVID-19 vaccine mandate. ECF No. 22 ¶¶ 116, 123.

---

[2] The Court has federal question jurisdiction over the 42 U.S.C. § 1983 claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

[3] "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "But a municipality can be held liable [for constitutional violations] when the 'execution of a government's policy or custom. . . inflicts the injury.'" *Bhatnagar v. Meyer*, No. 22-2848, 2023 WL 5378834, at *3 (3d Cir. Aug. 22, 2023). Therefore, Mr. Cuttler may only sue Allegheny County under § 1983 based on a *Monell* claim, but he does not clearly assert such a claim in any of his five counts. ECF No. 22. Even if Mr. Cuttler intended to bring a *Monell* claim, he has failed to state one. To state a *Monell* claim, a plaintiff must allege that his "harm was caused by a constitutional violation" and that "the municipality is responsible for that violation." *Bhatnagar*, 2023 WL 5378834, at *3. And because the Court finds that Mr. Cuttler has failed to state a claim for a constitutional violation, any *Monell* claim against Allegheny County also fails. *Id.* ("[Plaintiff]'s *Monell* liability claims fail because he has no remaining cognizable constitutional claim.").

### A. Legal Framework

Section 1983 establishes a statutory cause of action to vindicate constitutional violations. 42 U.S.C. § 1983. To state a claim under § 1983, plaintiffs must plead that they were "deprived of a federal constitutional or statutory right by a state actor." *Coulter v. Coulter*, No. 23-2222, 2024 WL 163081, at *1 (3d Cir. Jan. 16, 2024); *see Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (quoting 42 U.S.C. § 1983). Thus, courts consider whether a plaintiff has "identif[ied] the exact contours of the underlying right said to have been violated" and "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (en banc) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). Further, courts must also address the state actor element, which requires an individual to "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Harvey*, 635 F.3d at 609 (quoting *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998)).

### B. Mr. Cuttler has Failed to State a Substantive Due Process Claim.

Mr. Cuttler brings a substantive due process claim under § 1983, asserting that Defendants Allegheny County, Mr. Fitzgerald, Mr. McKain, Mr. Pilarski, Mr. Dugan, and Mr. Dowd "willfully and knowingly infringed upon his constitutionally protected Fourteenth Amendment rights including the "right to refuse an unwanted medical treatment" and the "right to bodily autonomy." ECF No. 22 ¶¶ 116, 121, 132. Defendants respond that, despite Mr. Cuttler's characterizations in his Complaint, the right at issue here is his right to refuse a vaccine. ECF No. 24 at 8–10. Defendants further argue that this right does not trigger strict scrutiny; instead, they assert that rational basis review applies to uphold the vaccine mandate. *Id.*

There are two types of substantive due process claims: challenges to legislative acts and challenges to non-legislative state action. *Nicholas v. Pa. State. Univ.*, 227 F.3d 133, 139–40 (3d Cir. 2000). Challenges to a legislative act's validity are "based on the plaintiff's claim that the act burdens a fundamental right or is not rationally related to a legitimate state interest." *Dankanich v. Pratt*, No. 19-735, 2020 WL 7227249, at *3 (E.D. Pa. Dec. 8, 2020) (citing *Nicholas*, 227 F.3d at 139–40). Meanwhile, challenges to non-legislative state action are "based on the plaintiff's claim that the action is arbitrary, irrational, tainted by an improper motive, or so egregious that it shocks the conscience." *Id.* Legislative acts are "generally laws and broad executive regulations [that] apply to large segments of society," while non-legislative acts "typically apply to one person or to a limited number of persons." *Nicholas*, 227 F.3d at 139, n.1. Here, Mr. Cuttler challenges a legislative act—the vaccine mandate—because it was a broad executive regulation affecting a large segment of the population.

Further, there are two types of substantive due process challenges to a legislative act: a facial challenge and an as-applied challenge. A facial challenge attacks "a law's constitutionality based on its text alone and does not consider the facts or circumstances of a particular case." *LoPresti v. Johnson*, No. 22-1435, 2023 WL 6890732, at *4 (3d Cir. Oct. 19, 2023) (citing *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010)). Meanwhile, an as-applied challenge "does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Marcavage*, 609 F.3d at 273. Here, Mr. Cuttler does not specify which type of challenge he is bringing, but it appears to the Court that he is asserting an as-applied challenge because he is attacking the vaccine mandate's application to him under a particular set of circumstances.[4]

---

[4] Additionally, to the extent Mr. Cuttler also brings a facial challenge, the Court finds that he has failed to state such a claim. To succeed on a facial attack, Mr. Cuttler must "establish that no set of circumstances exists under which

7

Therefore, to assess Mr. Cuttler's as-applied substantive due process challenge, the Court must determine the applicable level of scrutiny. Courts apply rational basis review "unless the challenged statute 'abridges certain fundamental rights and liberty interests.'" *LoPresti*, 2023 WL 6890732, at *4 (citing *Heffner v. Murphy*, 745 F.3d 56, 79 (3d Cir. 2014)). A fundamental right "must be either enumerated in the Bill of Rights or 'deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty.'" *Child.'s Health Def., Inc. v. Rutgers, the State Univ. of N.J.*, 93 F.4th 66, 78 (3d Cir. 2024). "Determining the level of scrutiny 'requires [courts] to identify the alleged due process right at issue carefully and precisely.'" *LoPresti*, 2023 WL 6890732, at *4 (citing *McCurdy v. Dodd*, 352 F.3d 820, 826 (3d Cir. 2003)).

Here, Mr. Cuttler identifies two main fundamental rights he believes are at issue: his right to bodily autonomy and his right to refuse unwanted medical treatment. ECF No. 22 ¶¶ 114–137. Despite Mr. Cuttler's characterization of the rights at issue, the Court must carefully and precisely define them. *LoPresti*, 2023 WL 6890732, at *4 (finding that plaintiff "frame[d] the alleged right too broadly"). And the Court finds that, in characterizing the issue as one of medical treatment or bodily autonomy, Mr. Cuttler has framed the issue too broadly. Instead, the narrow right at issue is his right to refuse vaccination.[5] *See Child.'s Health Def.*, 93 F.4th at 78 (identifying the right to refuse vaccination as the right at issue where plaintiffs challenged a vaccine mandate and asserted

---

[the vaccine mandate] would be valid." *LoPresti*, 2023 WL 6890732, at *4. And because the Court finds that the vaccine mandate was valid in at least one circumstance—as applied to Mr. Cuttler—he has failed to sufficiently allege a facial attack.

[5] Further, the rights as characterized by Mr. Cuttler—namely, the right to bodily autonomy and the right to refuse unwanted medical treatment—are not implicated by Defendants' vaccine mandate. *See Child.'s Health Def.*, 93 F.4th at 79–80 (explaining that cases recognizing the fundamental right to refuse unwanted medical treatment are "categorically distinct" from cases involving a vaccine mandate and asserting that the Supreme Court would be unlikely to find that such a mandate implicates the right to bodily autonomy); *see also We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 293–94 (2d Cir. 2021) (finding that a vaccine mandate did not infringe on plaintiffs' rights to medical freedom and bodily autonomy); *Norris v. Stanley*, 73 F.4th 431 (6th Cir. 2023) (rejecting plaintiffs' claims that vaccine mandate implicated their liberty interests in bodily integrity and autonomy).

8

a right "to refuse unwanted medical treatment"). And as "federal courts have uniformly held, there is no fundamental right to refuse vaccination." *Child.'s Health Def.*, 93 F.4th at 78. Accordingly, because the vaccine mandate does not implicate a fundamental right, the Court will apply rational basis review. And under that review, the Court finds that the vaccine mandate "is rationally related to the legitimate government interest of stemming the spread of COVID-19 and promoting the health and safety of the public." *Shim v. Allegheny Cnty.*, No. 23-393, 2024 WL 1095811, at *3–4 (W.D. Pa. Mar. 13, 2024) (finding the same vaccine mandate as at issue here would survive both rational basis review and strict scrutiny); *Child.'s Health Def.*, 93 F.4th at 81–83 (finding that a COVID-19 vaccine mandate survives rational basis review).

Therefore, Mr. Cuttler has failed to state a claim in Count 3 for a substantive due process violation. Further, because amendment would be futile, the dismissal will be with prejudice. *See Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) (explaining that courts should permit a curative amendment in the civil rights context unless such an amendment would be inequitable or futile).

### C.  Mr. Cuttler has Failed to State an Equal Protection Claim.

Mr. Cuttler asserts that Defendants Allegheny County, Mr. Fitzgerald, Mr. McKain, Mr. Pilarski, Mr. Dugan, and Mr. Dowd "isolated [him] into an inferior subclass of people depriving him of equal protection under the law." ECF No. 26 ¶ 123. He further alleges that he "was in the minority as an unvaccinated employee" and therefore, he faced "severe and pervasive" harassment from his vaccinated co-workers. *Id.* ¶¶ 82, 83, 84. In response, Defendants assert that Mr. Cuttler "has not pled how he has been treated differently from other *similarly situated* people" because the vaccine mandate applies equally to all executive branch employees. ECF No. 24 at 5–7.

The Fourteenth Amendment prohibits any state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "[T]o bring a

9

successful equal protection claim, plaintiffs 'must demonstrate that they received different treatment from that received by other individuals similarly situated." *Child.'s Health Def.*, 93 F.4th at 83. Here, Mr. Cuttler asserts that "he should be recognized as a 'class of one.'" ECF No. 26 at 4 (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008)). To maintain an equal protection claim under a "class of one" theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). The "rational basis" standard is very deferential and is satisfied "'if there is any reasonably conceivable state of facts that could provide a rational basis' for the differing treatment." *Newark Cab Assoc. v. City of Newark*, 901 F.3d 146, 156 (3d Cir. 2018) (quoting *United States v. Walker*, 473 F.3d 71, 77 (3d Cir. 2007)).

Here, Mr. Cuttler has failed to plead that he was treated differently than other similarly situated individuals. First, the vaccine mandate was facially neutral and applied to all Allegheny County executive branch employees equally. *See Shim*, 2024 WL 1095811, at *4 (analyzing the same vaccine mandate as the one at issue here and finding that it is facially neutral). And Mr. Cuttler has not alleged otherwise. *See generally* ECF No. 22. Second, Mr. Cuttler has not alleged that he was treated differently than other non-vaccinated Allegheny County employees. And although he asserts that he was in "an inferior subclass of people" as an unvaccinated employee, he cannot show that he was similarly situated to his vaccinated co-workers *because* they held different vaccinated statuses.

Even if Mr. Cuttler could show that he was treated differently than other similarly situated individuals, Defendants' vaccine mandate survives rational basis review. The Third Circuit has found that only classifications involving a protected class are subject to heightened scrutiny—and

being unvaccinated "does not confer protected status." *See Child.'s Health Def.*, 93 F.4th at 84, n.38. Further, the vaccine mandate survives rational basis review because it "is rationally related to the legitimate government interest of stemming the spread of COVID-19 and promoting the health and safety of the public." *Shim*, 2024 WL 1095811, at *4. Therefore, Mr. Cuttler has failed to plead an equal protection claim, and because amendment would be futile, his claim in Count 3 will be dismissed with prejudice. *Balicki*, 875 F.3d at 151.

### 2. Mr. Cuttler has Failed to State an OSHA Claim.

Mr. Cuttler also asserts violations of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §§ 651, *et seq*. Because there is no private right of action under OSHA, Mr. Cuttler's claims in Count 2 will be dismissed.[6] Mr. Cuttler alleges that Defendants violated OSHA's requirement that "employers provide healthful working conditions for employees" because they required employees to get vaccinated despite "knowing that these experimental injections, created at warp speed, posed significant health threats to vaccine recipients."[7] ECF No. 22 ¶¶ 101, 107. Defendants respond that these claims should be dismissed because "OSHA does not afford a private of right of action." ECF No. 24 at 17. The Court agrees. *See Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580 (3d Cir. 2007) ("[OSHA] does not create a private cause of action"); *Holmes v. Schneider Power Corp.*, 628 F. Supp. 937, 939 (W.D. Pa. 1986) ("[N]o such private right of action should be implied from the OSHA statute."), *aff'd*, 806 F.2d 252 (3d Cir.

---

[6] In response to Defendants' Motion to Dismiss, Mr. Cuttler filed two documents. ECF Nos. 25, 26. In one document, it appears that Mr. Cuttler agreed to withdraw his OSHA claim, *see* ECF No. 26 ("Plaintiff would agree to remove this Count."), but it appears that he does not agree to withdraw it in the second document, *see* ECF No. 25 ("It is denied that Plaintiff has failed to plead a cause of action under OSHA as is more fully set forth in the accompanying Brief…"). Because of this inconsistency, the Court will address Mr. Cuttler's OSHA claims here.

[7] Mr. Cuttler does not specify under which OSHA provision he is attempting to bring his claim.

1986). Accordingly, the Court will dismiss Mr. Cuttler's OSHA claim in Count 2, and because any amendment would be futile, the dismissal will be with prejudice.

### 3. The Court Declines to Exercise Supplemental Jurisdiction over Mr. Cuttler's State-Law Claims.

Mr. Cuttler's claims in Counts 1, 4, and 5 arise under state law. The Court declines to exercise supplemental jurisdiction over these claims because it will dismiss all claims over which it has original jurisdiction, *see* 28 U.S.C. § 1367(c), (c)(3). Accordingly, the Court dismisses Counts 1, 4 and 5 without prejudice.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss will be granted such that Mr. Cuttler's Amended Complaint will be dismissed. Further, Mr. Cuttler's claims under the Fourteenth Amendment and OSHA will be dismissed with prejudice, and his claims under state law will be dismissed without prejudice, as further set forth in the accompanying order.

DATED this 18th day of November, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via US mail):

Jeffrey Cuttler
Pro se
5873 Horseshoe Drive
Bethel Park, PA 15102